IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**CASE NO.: 3:23cr77/MCR**

v.

**SHAUN E. MCBAY**

_____/

## PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into, by, and between, Shaun E. McBay as Defendant, Maria Dykes as attorney for Defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against Defendant.

### 2. TERMS

The parties agree to the following terms:

    a.    Defendant will plead guilty to Counts One and Two of the Indictment. Count One charges the offense of possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers and 500 grams or more of a mixture and substance containing methamphetamine its salts, isomers,

1



FILED IN OPEN COURT
1-23-24
CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii). Count Two charges the offense of possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8). As to Count One, Defendant faces a maximum penalty of life imprisonment, with a mandatory minimum term of ten (10) years' imprisonment, a fine of up to $10,000,000, a mandatory minimum term of at least five (5) years of supervised release with a maximum term of supervised release for life, and a $100 special monetary assessment. As to Count Two, Defendant faces a maximum penalty of fifteen (15) years' imprisonment, a term of up to three (3) years of supervised release, a fine of up to $250,000, and a $100 special monetary assessment. Defendant agrees to pay the special monetary assessment on or before the date of sentencing. If Defendant is unable to pay the special assessment prior to sentencing due to indigence, Defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which Defendant is subject includes forfeiture of all forfeitable assets and restitution. By signing this plea agreement, Defendant agrees to forfeit his interest in the firearms and ammunition seized on April 17, 2023, and identified in the Indictment, namely, a Sturm, Ruger & Co. Inc. .223 caliber rifle, a Browning 30.06 caliber rifle, a Sig Sauer 9 millimeter pistol, a Taurus .45 LC

caliber/.410 gauge revolver, a Springfield Armory .45 caliber pistol, a Smith and Wesson, .44 caliber revolver, a Stevens 20 gauge shotgun, and various ammunition.

In addition, the Court may enter an order denying Defendant federal benefits pursuant to Title 21, United States Code, Section 862(a)(1).

  b. That by voluntarily pleading guilty to the charges in the Indictment, Defendant, as to the counts pled herein, knowingly waives and gives up constitutional rights which attend a Defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

  c. Defendant is pleading guilty because Defendant is in fact guilty of the charges alleged in Counts One and Two of the Indictment. In pleading guilty, Defendant acknowledges that were this case to go to trial, the government would present evidence to support the charges beyond a reasonable doubt.

  d. Upon the District Court's adjudication of guilt of Defendant for the charged crimes, the United States Attorney, Northern District of Florida, will not file any further criminal charge against Defendant arising out of the same transactions

or occurrences to which Defendant has pled. Defendant agrees that substantial evidence exists to support the charges, as indicated in the agreed-upon statement of facts incorporated by reference into this plea agreement.

  e. Nothing in this agreement shall protect Defendant in any way from prosecution for any offense committed after the date of this agreement.

  f. If Defendant is not a citizen of the United States, Defendant understands that this conviction may adversely affect the Defendant's immigration status and may lead to deportation.

  g. The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offenses.

  h. Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offense committed by Defendant. The United States Attorney further reserves the right to correct any misstatements by Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the

considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether departure or variance upward or downward is appropriate.

### 3. SENTENCING

a.  Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b.  The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of Defendant's plea.

c.  The parties reserve the right to appeal any sentence imposed.

### CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not Defendant agrees to cooperate with the United

States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case.

Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

_____
MARIA DYKES
Attorney for Defendant

1/23/2024
Date

_____
SHAUN E. MCBAY
Defendant

1-23-24
Date

JASON R. COODY
United States Attorney

_____
J. RYAN LOVE
Assistant United States Attorney
Florida Bar No. 0637920
Northern District of Florida
21 E. Garden Street, Suite 400
Pensacola, Florida 32502-5675
850-444-4000
ryan.love@usdoj.gov

1-23-24
Date